UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| SAUL TORRES-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 12-CV-165-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| J. C. HOLLAND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Saul Torres-Perez is an individual formerly confined at the Federal Correctional

Institution in Manchester, Kentucky.[1]  While there, Torres-Perez, proceeding without an

attorney, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that

the Bureau of Prisons ("BOP") unlawfully disallowed 16 days of Good Conduct Time from his

sentence calculation, effectively extending the length of his sentence.  [R. 1] Torres-Perez seeks

an order compelling the BOP to credit 16 days of Good Conduct Time to his sentence.

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243;

*Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court

must deny the petition "if it plainly appears from the petition and any attached exhibits that the

---

[1]  Torres-Perez was released on December 18, 2012.  See http://www.bop.gov/iloc2/Inmate
FinderServlet
?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=09515-023-149-
1718x=718y=10 (last visited on January 25, 2013).

petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United

States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates

Torres-Perez's petition under a more lenient standard because he is not represented by an

attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th

Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his

legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-56 (2007). The Court has reviewed Torres-Perez's habeas petition, and must deny relief

because he failed to exhaust his administrative remedies before filing his petition.

## I

Torres-Perez claims that the BOP has erroneously deducted 16 days of Good Conduct

Time credits from his sentence in violation of the Due Process Clause. [R. 1-1, p. 2] He

surmises that this error occurred because he withdrew from the BOP's Literacy Program;

however, he asserts that he is exempt from participating in the Literacy Program because, as a

result of his crimes, he is a "sentenced deportable alien." [R. 1-1, p. 2] As such, he contends that

he is exempt from the requirement that federal prisoners participate in the BOP's Literacy

Program in order to be entitled to the full amount of Good Conduct Time credits they may earn.

*See* Prison Program Statement 544.71(a)(1). Torres-Perez argues that he is also exempt from

further participation in the Literacy Program because he has already completed 300 hours in the

G.E.D. program. Torres-Perez claims that the BOP's Program Statement provides that an inmate

can withdraw from the Literacy Program upon completion of "240 instructional hours" and that

he has met that requirement and is otherwise automatically exempt from further participation in

the Literacy Program. [R. 1, p. 10]

Torres-Perez states that in March of 2012, he learned that his release date had been extended because he had lost 16 days of Good Conduct Time credits to his sentence and that he began questioning prison staff about this matter.  He states that prison staff advised him that he would have to contact the BOP's Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, about this issue.  [R. 1-1, p. 8]  Torres-Perez states that he wrote three letters to the DSCC, in March, April, and June, respectively, about this error, but that the DSCC never responded to any of his letters.  [R. 1-1, pp. 3-4]  While Torres-Perez did file an Inmate Request to Staff Member in March 2012 about this matter [R. 1-1, p. 8], he acknowledges that he did not file a formal grievance with the warden.  He argues that, in light of his approaching release date, he should be excused from having to exhaust his administrative remedies. [R. 1-1, pp. 4-5]

## II

Federal law requires a prisoner wishing to file a habeas corpus petition under 28 U.S.C. § 2241 to exhaust his or her administrative remedies before doing so.  *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 230-31 (6th Cir. 2006).  The prisoner must invoke and complete the prison's grievance process before filing a habeas petition.  *Wesley v. Lamanna*, 27 F. App'x 438, 439 (6th Cir. 2001).  In this case, Torres-Perez candidly acknowledges that he did not exhaust his administrative remedies prior to filing suit, and his petition is therefore subject to dismissal without prejudice.  *Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004) (if petitioner did not complete prison's administrative remedy process prior to suit, court should deny petition without prejudice to prisoner's right to re-file upon completion).

Torres-Perez contends that he should be excused from this requirement on the ground that pursuing such relief from the BOP would be futile, both because awaiting administrative

determination of his claims could delay his release beyond his corrected release date should he obtain the relief he seeks, and because BOP officials incorrectly instructed him to seek relief from the DSCC rather than through the grievance process.  Neither argument is availing.

The Court has previously rejected similar arguments that the approaching release of a prisoner is, by itself, sufficient ground, to excuse a clear failure to exhaust administrative remedies.  *Cf. Bethea v. Dewalt*, No. 09-CV-250-JBC, 2010 WL 55924, at *3 (E.D. Ky. Jan. 4, 2010).  This is particularly so here, as the Court has previously noted, because Torres-Perez has provided no documentation whatsoever upon which to determine the reasons for the BOP's calculation of his good time credits, as he was directed to do in the Order of December 13, 2012. [R. 10, p.2]  Without a more complete record, the Court simply has no adequate evidentiary foundation upon which to determine the viability of Torres-Perez's claims.  Any prejudice to Torres-Perez's ability to obtain a timely determination of his claims is thus an entirely self-inflicted injury.  Nor did the BOP's administrative remedy process become "unavailable" simply because he chose to avail himself of an informal means to seek reconsideration of the BOP's calculation of his good time credits.

Accordingly, it is hereby **ORDERED** as follows:

1.      Saul Torres-Perez's petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE**.

2.      The Court will enter an appropriate judgment.

3.      This matter is **STRICKEN** from the active docket.

This 15th Day of April, 2013



Signed By:

*Gregory F. Van Tatenhove*

United States District Judge